IN THE UNITED STATES DISTRICT COURT
IN AND FOR SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:09-cv-23222-KMM

U.S. HOLDINGS, INC., a Florida corporation,

      Plaintiff,

v.

SUNTRUST BANKS, INC., a Georgia
corporation, and SUNTRUST ROBINSON
HUMPHREY, INC., a Tennessee corporation,

      Defendants.
_____/

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

      Plaintiff, U.S. HOLDINGS, INC. ("USH"), by and through its undersigned counsel and pursuant to Local Rule 7.1, Rules of the United States District Court for the Southern District of Florida, files its Memorandum of Law in Opposition to Defendants' Motion to Dismiss. For the reasons set forth more fully herein, Defendants' Motion to Dismiss should be denied except as to Count VI of Plaintiff's Complaint.

**PRELIMINARY STATEMENT**

      The essence of this case is that USH, a 93-year old company located in South Florida, owned by the same family over this time, with a proven track record of an extremely conservative fiscal history, put all of its trust into a bank that was totally infused in virtually all aspects of its financial affairs, nothing remotely like a typical bank customer debtor-creditor relationship. Very specific facts establishing the bank's fiduciary duty to USH were pled through 7 pages of the Complaint at paragraphs 12 - 21. To be clear, the Complaint even pleads at paragraphs 19 and 20, how the bank publicly holds itself out to accepting a fiduciary duty to

certain of its special business clients. USH also pleads in great detail at paragraphs 26 - 30 that the bank unequivocally knew of USH's conservative investment philosophy, which was limited to safe, short-term and liquid investments. Notwithstanding, the bank invested all of USH's free cash in what turned out to be long-term unmarketable bonds described below, causing great loss to USH.

Thus, USH's Complaint seeks to recover damages or, alternatively, rescission regarding its purchase of certain auction rate securities ("ARS") through Defendants SunTrust Bank, Inc. ("SunTrust") and SunTrust Robinson Humphrey, Inc. ("STRH") that were falsely represented to USH as being very short term investment instruments but which turned out to be long term bonds with maturities of twenty or more years that formerly were typically traded through an auction process. The ARS auction market collapsed in February 2008 leaving USH with $16 million dollars in long term illiquid bonds with no existing market for resale instead of highly liquid short term investment instruments. USH asserts claims against Defendants for breach of fiduciary duty, negligence, fraud in the inducement, unjust enrichment, violations of Florida Statutes § 517.301, violations of Section 17(a) of the Securities Act[1], and violations of Section 20(a) of the Securities & Exchange Act of 1934. Defendants' seek dismissal of USH's claims on a variety of grounds.

Defendants contend that USH's breach of fiduciary duty and negligence claims should be dismissed based upon Florida's economic loss rule. However, USH has not asserted any claims for breach of contract and Defendants' Motion to Dismiss fails entirely to identify any contract governing the sales of ARS. Numerous decisions of Florida's state and federal courts have held

---

[1] USH concedes that under present Eleventh Circuit law, Count VI should properly be dismissed.

BERGER SINGERMAN
attorneys at law     Boca Raton   Fort Lauderdale   Miami   Tallahassee

350 East Las Olas Boulevard, Suite 1000 Fort Lauderdale, Florida 33301 Telephone 954-525-9900 Facsimile 954-523-2872

that claims for breach of fiduciary duty are not barred by the economic loss rule. Further, Plaintiff's very detailed pled claims for breach of fiduciary duty and negligence are completely separate and independent from any contract and should not be dismissed.

Defendants additionally argue that Plaintiff's claim for breach of fiduciary duty is not sufficiently pleaded.[2] This is notwithstanding that USH has dedicated an extensive portion of its Complaint to detail the specific nature of the special relationship of trust, confidence and dependency that had developed between USH and SunTrust. Further, SunTrust's own code of business conduct and ethics concedes that "SunTrust has various fiduciary obligations to customers . . ." Complaint, ¶ 19.

Defendants' seek dismissal of Plaintiff's claim for unjust enrichment on the basis that it allegedly fails to plead that USH lacks any adequate remedy at law. Florida law holds that the lack of an adequate remedy at law is not an element of a claim for unjust enrichments and that such a claim may be pled in the alternative until the existence of an express contract regarding the subject matter between the parties is established.

In addition, Defendants contend that USH has failed to plead all its claims with particularity because "Plaintiff's entire Complaint sounds in fraud". As an initial matter only Count III of USH's Complaint is predicated upon fraud. Even if this were not the case, USH has

---

[2] Defendants, in a footnote found at p. 4 of their Memorandum of Law, contend that Plaintiff does not assert claims against STRH for breach of fiduciary duty or violations of Fla. Stat. § 517.301 (Counts I and V, respectively). This is incorrect. STRH is alleged to be SunTrust's agent in connection with STRH's limited dealings with USH. Complaint, ¶25. Count I of the Complaint expressly alleges that STRH was acting as agent on behalf of SunTrust and that STRH had breached its fiduciary duty owed to USH. Complaint, ¶¶ 53-54. Similarly, Count V of the Complaint alleges that both SunTrust and STRH sold ARS to USH. Complaint, ¶¶ 78-79. USH notes, however, that STRH has raised no arguments that it does not owe USH a fiduciary duty. Considering its status as an investment advisor, any such argument would be disingenuous.

sufficiently identified the nature of the fraudulent misrepresentations or omissions made by Defendants, who made such misrepresentations and when. USH's allegations of fraud are sufficient to withstand a motion to dismiss.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 8(a)(2) requires that a Complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require "detailed factual allegations." *BellAtlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009), *quoting Twombly,* 550 U.S. 570. This standard requires a plaintiff to plead sufficient "factual content that allows a court to draw the reasonable inference that a defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949, citing, *Twombly,* 550 U.S. at 556.

## USH'S CLAIMS FOR BREACH OF FIDUCIARY DUTY AND NEGLIGENCE ARE NOT BARRED BY FLORIDA'S ECONOMIC LOSS RULE

Defendants contend that USH's claims for breach of fiduciary duty and negligence are barred by Florida's economic loss rule. "The economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses." *Indemnity Insurance Company of North America v. American Aviation, Inc.,* 891 so.2d 532, 536 (Fla. 2004). A tort claim is only "barred where a defendant has not committed a breach of duty apart from a breach of contract." *Id.* at 537. Thus, the doctrine "has not eliminated causes of action based upon torts independent of the contractual breach even though their exists a breach of contract action." *Id.* Here, USH has neither asserted a claim for breach of contract nor alleged the existence of any specific agreement governing the

-4-

sales by Defendants of ARS to USH. Where there is no contract before the court, a motion to dismiss based upon the economic loss rule cannot be granted. *Wall Street Mortgage Bankers, Ltd. v. Attorneys' Title Insurance Fund, Inc.*, 2008 WL 5378126 at *2 (S.D. Fla. December 23, 2008).

This notwithstanding, Plaintiff's claims for breach of fiduciary duty and negligence are not barred by the economic loss rule. With respect to claims for breach of fiduciary duty, numerous state and federal courts in Florida have held that such a claim, as a general rule, is not barred by the economic loss rule. *Hallock v. Holiday Isle Resort & Marina, Inc.,* 4 So.3d 17, 20 (Fla. 3d DCA 2009); *Wall Street Mortgage Bankers, Ltd. v. Attorneys' Title Insurance Fund,* 2008 WL 5378126 at *2; *Kraft Company, Inc. v. J & H Marsh & McClennan of Florida, Inc.,* 2006 WL 1876995 at *3 (M.D. Fla. July 5, 2006); *State Line Power Corp. v. Kremer,* 404 F.Supp. 2d 1373, 1379-80 (S.D. Fla. 2005); *Maliner v. Wachovia Bank, N.A.,* 2005 WL 670293 at *8 (S.D. Fla. March 1, 2005); *Ron's Quality Towing, Inc. v. Southeast Bank of Florida,* 765 So.2d 134, 136-37 (Fla. 1st DCA 2000); *Pacific Harbor Capital, Inc. v. Barnett Bank, N.A.,* 2000 WL 33992234 at *9-10 (M.D. Fla. March 31, 2000); *Invo Florida, Inc. v. Somerset Venturer, Inc.,* 751 So.2d 1263, 1267 (Fla. 3d DCA 2000); *First Equity Corporation of Florida v. Watkins,* 199 WL 542639 at *1 (September 17, 1999). These decisions are consonant with the pronouncements of the Florida Supreme Court which has held that the economic loss rule "should not be invoked to bar well-established causes actions in tort." *Moransais v. Heathman,* 744 So.2d 973, 983 (Fla. 1999).

A parallel line of cases has held that a tort claim, such as the claims for breach of fiduciary duty and negligence asserted here, are not barred by the economic loss rule if the tort is independent of any contract. *Indemnity Insurance Company of North America v. American*

*Aviation, Inc.,* 891 So.2d at 537; *Moransais v. Heathman,* 744 So.2d at 981 ("the economic loss rule has not eliminated causes of action based upon torts independent of the contractual breach even though there exists a breach of contract action"), *quoting*, *HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.,* 685 So.2d. 1238, 1239 (Fla. 1996).  The Florida Supreme Court has repeatedly cautioned that the doctrine has been extended far beyond its intended purpose and that its application must be limited.  *Indemnity Insurance Company of* North *America v. American Aviation, Inc.,* 891 So.2d at 542 ("economic loss rule should be expressly limited" and has become "unnecessarily over-expansive");[3] *Moransais v. Heathman,* 744 So.2d at 980-81, 983 (the rule has been expanded "beyond its principal origins" and has "some genuine, but limited, value in our damages law, we never intended to bar well-established common law causes of action").

Here, USH's claims for breach of fiduciary duty and negligence are independent of any contract.  Indeed, no contract has been identified in either Plaintiff's Complaint or Defendants' Motion to Dismiss which specifically addresses the sale of ARS to USH.  Plaintiff's claims in the instant action are not based upon any contract to sell ARS, but rather focus upon false representations prior to any sale including that ARS are short-termed securities, that Defendants

---

[3] The Supreme Court's decision in *Indemnity Insurance Company* has been misinterpreted by some courts as implying that claims for breach of fiduciary duty are barred by the economic loss rule because the opinion failed to list this claim as falling within an exception to the doctrine. *See Indemnity Insurance Company of* North *America v. American Aviation, Inc.,* 891 So.2d at 543 (listing exceptions to the rule "such as for professional malpractice, fraudulent inducement, and negligent misrepresentation or freestanding statutory causes of action").  This interpretation is incorrect.  The *Indemnity Insurance Company* court cited with approval decisions which "have extended the exception to the application of the economic loss rule … to causes of action for breach of fiduciary duty." *Indemnity Insurance Company of* North *America v. American Aviation, Inc.,* 891 So.2d at 542, citing, *Invo Florida, Inc. v. Somerset Venturer, Inc.,* 751 So.2d at 1266; *Performance Paint Yacht Refinishing, Inc. v. Haines,* 190 F.R.D. 699, 701 (S.D. Fla. 1999).

to disclose commissions or fees, that Defendants failed to inform USH that SunTrust was materially involved as trading participant in the ARS auction market, that Defendants failed to advise USH about the ARS auction process, and post-sale conduct including failure to inform USH of the pending collapse of the ARS auction market, false representations that the market was going to revive, and failure to assist USH in liquidating its ARS. Complaint, ¶¶ 52 and 58. All such conduct is separate and independent from any contract for sale of the securities. Claims for breach of fiduciary duty or negligence arising from pre-contract misconduct or misrepresentations are not barred by the economic loss rule. *Shave v. Stanford Coins & Bullions, Inc.,* 2009 WL 1748084 at *3 (S.D. Fla. June 19, 2009); *De Sterling v. Bank of America, N.A.,* 2009 WL 3756335 at *3-4 (S.D. Fla. November 6, 2009) (acts committed to induce a plaintiff to enter into a contract or take action are independent from any contract; *Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc.,* 842 So.2d 204, 209 (Fla. 3d DCA 2003) (claims of breach of fiduciary duty and negligent misrepresentation are not barred by the economic loss rule); *Medalie v. FSC Securities Corp.,* 87 F.Supp. 2d 1295, 1305 (S.D. Fla. 2000). *See also Indemnity Insurance Company,* 891 So.2d at 537, 543 (recognizing that claims for fraudulent inducement and negligent misrepresentation are not barred by the economic loss rule) citing, *HTP, Ltd.,* 685 So.2d at 1239 and *PK Ventures, Inc. v. Raymond James & Associates,* 690 So.2d 1296, 1297 (Fla. 1997).

Defendants additionally suggest in a footnote that USH's negligence claim against Defendants should be deemed barred by the economic loss rule because Defendants are not "professionals." Memorandum of Law in Support of Defendants' Motion to Dismiss, p. 5, n.3. This argument is entirely irrelevant to the question of whether USH's negligence claim is viable. As this Court specifically held, regardless of whether a defendant is deemed a "professional" a

negligence claim still lies, notwithstanding the economic loss rule, because negligent representations are an exception to the doctrine. *Maliner v. Wachovia Bank, N.A.,* 2005 WL 670293 at *8-9, citing Restatement (2d) of Torts, § 552 and *Russell v. Sherwin-Williams Co.,* 767 So.2d 592, 593-94 (Fla. 4th DCA 2000). Similarly, the Florida Supreme Court has held that negligence claims based in part upon Section 522 are not barred by the economic loss rule. *Moransais v. Heathman,* 744 So.2d at 982.

If the misrepresentation or fraud causes "the complaining party to enter into a transaction" then the claim is not barred by the rule and is a separate and independent tort. *D & M Jupiter, Inc. v Friedopfer,* 853 So.2d at 487, citing *Allen v. The Stephan Co.,* 784 So.2d at 457. "[A] fraud in the inducement claim is not barred by the economic loss rule so long as the claim is based upon conduct that is separate and distinct from the conduct constituting the breach of contract." *Taylor v. Maness,* 941 So.2d 559, 564 (Fla. 3d DCA 2006) *citing La Pesce Grande Charters, Inc. v. Moran,.* 704 So.2d 713. "Fraud in the inducement presents a special situation where parties to a contract appear to negotiate freely… where in fact the ability of one party to negotiate fair terms and make an informed decision is undermined by the other party's fraudulent behavior." *HTP. Ltd. v. Lineas Aereas Costarricenses, S.A.,* 685 So.2d at 1240. "The test to determine if the economic loss rule applies is to ask if the fraud alleged is in an act of performance or in a term of the bargain." *D & M Jupiter, Inc. v Friedopfer,* 853 So.2d at 487, citing *Allen v. The Stephan Co.,* 784 So.2d 456, 457(Fla. 4DCA 2000). Here, USH's negligence claim is based primarily upon pre-contract misrepresentations which induced USH to purchase ARS. Such claims are not barred by the economic loss rule.

Because claims for breach of fiduciary are generally not barred by the economic loss rule and torts, such as those asserted in the instant action, which are separate and independent from

-8-

any contract are similarly not barred by the doctrine, Defendants' Motion to Dismiss Counts I and II of Plaintiffs' Complaint should properly be denied.

## USH HAS ADEQUATELY PLED THE EXISTENCE OF A FIDUCIARY RELATIONSHIP

Defendants contend that Plaintiff's allegations of the existence of a fiduciary relationship are pled in a conclusory fashion and are not sufficient. As an initial matter, USH alleges that, beginning in 2005, SunTrust served as USH's investment advisor and that subsequently, in 2007, when SunTrust acquired Robinson Humphrey, STRH, as SunTrust's agent, served as USH's investment advisor. Complaint, ¶¶ 16-17, 24-25. It is well-established in the Eleventh Circuit that an investment advisor or securities broker owes a fiduciary duty to its investors. *Gouchnauer v. A.G. Edwards & Sons, Inc.,* 810 F.2d 1042, 1049 (11th Cir. 1987). c*iting, Thompson v. Smith Barney, Harris, Upham & Co., Inc.,* 709 F.2d 1413, 1418 (11th Cir. 1983); *Dupuy v. Dupuy,* 551 F.2d 1005, 1015 (5th Cir. 1977), Restatement (2d) of Agency, § 425 (persons employed to make, manage or advise regarding investments owed fiduciary obligations). Florida law is consonant with the Eleventh Circuit on this issue. *Capital Bank v. MVB, Inc.,* 644 So.2d 515, 519 (Fla. 3d DCA 1994) (where a bank acts as an investment advisor, "the bank has reason to know that the customer is placing his trust and confidence in the bank and is relying on the bank so to counsel and inform him" creating a fiduciary relationship). Based solely upon the fact that USH alleges that the Defendants acted as its investment advisor, Plaintiff has adequately pled the existence of a fiduciary relationship.

A fiduciary relationship may be implied in law and does not require the existence of an express contract establishing such a relationship. *Doe v. Evans,* 814 So.2d 370, 374 (Fla. 2002); *Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc.,* 842 So.2d at 207. "If a relation of trust and confidence exist between the parties (that is to say, where confidence is reposed by one party and

-9-

a trust accepted by the other, or where confidence has been acquired and abused), that is sufficient as a predicate for relief). *Doe v. Evans,* 814 So.2d at 374.  "[W]here a bank becomes involved in a transaction with a customer with whom it has established a relationship of trust and confidence, and it is a transaction for which the bank is likely to benefit at the customer's expense, the bank may be found to have assumed a duty to disclose facts material to the transaction, particularly within its knowledge, and not otherwise available to the customer." *Barnett Bank of West Florida v. Hooper,* 498 So.2d 923, 925 (Fla. 1987) further, when a bank voluntarily assumes additional roles, fiduciary responsibilities properly follows. *Capital Bank v. MVB, Inc.,* 644 So.2d 515, 519 (Fla. 3d DCA 1994).

In the instant action, the existence of a relationship of trust and confidence is affirmatively alleged and supported by facts, not by conclusory allegations.  Complaint, ¶¶ 11-16, 18-21.  USH affirmatively alleges that its relationship with SunTrust "was not just a simple bank/customer, debtor/creditor relationship.  Rather, it was a relationship where: (i) SunTrust was infused deeply into all financial affairs of USH, with SunTrust providing some special services to USH (ii) a significant effort was made by SunTrust to develop great trust with USH, (iii) SunTrust actually assumed the role as counselor, given material advice to USH which it relied upon in matters such as cash management, transaction structure, account usage, 401-K plan administration, and most importantly as it pertains to this lawsuit, investment advice." Complaint, ¶ 15.

In fact, USH even explains how it was solicited by Sun Trust officers for their business and how establishing this level of trust and closeness was important to USH.  Complaint ¶¶ 11 and 12.  Thirteen specific examples of roles undertaken by SunTrust in this ten year relationship are provided in paragraphs 13-14 of the Complaint which emphasize that the dealings between

-10-

USH and SunTrust "went well beyond the typical bank and customer relationship" and that SunTrust received a benefit from such additional tasks in the form of fees. The fee issue is a significant factor in establishing a fiduciary duty. *Capital Bank v. MVB, Inc.,* 644 So.2d 515, 519 (Fla. 3d DCA 1994). See also, *Building Education Corp. v. Ocean Bank,* 982 So. 2d 37 (Fla. 3d DCA 2008).

From these facts, the Court can easily determine that a fiduciary relationship existed between SunTrust and USH. SunTrust invited USH's reliance upon its services, fostered the perception that the bank was USH's counselor and financial advisor, even on items such as transaction structure, cash management, account usage and investment advice and Sun Trust clearly knew of USH's reliance upon its services and financially materially benefitted from the relationship that it had created with USH. The Complaint pleads and USH will prove that its high degree of trust and confidence reposed in Sun Trust was "every bit as significant as the trust and reliance USH placed in its accountants and lawyers" and "Sun Trust requested this responsibility and embraced" it throughout their 10-year relationship. Complaint ¶ 21.

USH further alleges that Defendants abused the trust repose in them by making misrepresentations about the nature of ARS, their involvement in the auction process, the nature of the auction process and by failing to advise of the pending failure of the auction, and failing to assist USH in liquidating its ARS. Complaint, ¶ 52. These allegations are amply sufficient to state a basis for the existence of a fiduciary duty. *See Capital Bank v. MVB, Inc.,* 644 So.2d at 520-21, (fiduciary relationship existed where bank reassured customer of trust, fostered perception of being financial advisor, bank knew of customer's reliance, bank's role exceeded traditional lender/borrower by advising customer on transactions and bank received a greater economic benefit than typical transaction); *Building Education Corp. v. Ocean Bank,* 982 So. 2d

37 (Fla. 3d DCA 2008). (Fiduciary duty exists where bank knows or has reason to know customer is placing trust in bank, and special circumstances exist including bank providing extra services receiving greater economic benefit than typical transaction); See also, *Barnett Bank of West Florida v. Hooper,* 498 So.2d at 925; *Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc.,* 842 So.2d at 208-209. The Complaint further references that The Investment Advisers Act of 1940, 15 U.S.C.A. § 80b-1 et seq and *SEC v. Capital Gains Research Bureau, Inc.,* 375 U.S. 180 (1963) that an investment adviser has a fiduciary duty to its clients.

In addition, because of the factually intensive nature of the determination of the existence of a fiduciary relationship, such issues are not properly determined at the motion to dismiss stage. *Fine v. First Southwest Company,* 205 WL 2063832 at *3 (M.D. Fla. 2005); *citing Susan Fixel, Inc.,* 842 So.2d at 208. Plaintiff has sufficiently pled the existence of a fiduciary relationship between it and Defendants. Plaintiff has pled facts sufficient to allow the Court to determine that a relationship of trust and confidence existed between the parties, that the trust was accepted by Defendants, or alternatively such confidence had been acquired and subsequently abused. This is sufficient to establish a claim for breach of fiduciary duty pursuant to *Doe v. Evans* and *Barnett Bank of West Florida v. Hooper.* As a result, Defendants' motion to dismiss Plaintiff's claim for breach of fiduciary duty should be denied.

### USH'S PROPERLY PLED ITS CLAIM FOR UNJUST ENRICHMENT

Defendants argue that Plaintiff's claim for unjust enrichment should be dismissed for failure to allege that there is no adequate remedy of law available to USH. Defendants argument is misguided. The general rule that a party seeking equitable relief must allege that no adequate remedy at law exists does not apply to claims for unjust enrichment. *Logans v. Bear Stearns & Co.,* 725 So.2d 397, 400 (Fla. 5th DCA 1998), *citing H.L. McNorton v. Pan American Bank of*

BERGER SINGERMAN
attorneys at law    Boca Raton   Fort Lauderdale   Miami   Tallahassee

350 East Las Olas Boulevard, Suite 1000 Fort Lauderdale, Florida 33301 Telephone 954-525-9900 Facsimile 954-523-2872

*Orlando,* 387 So.2d 393, 399 (Fla. 5th DCA 1980), *Mobil Oil Corp. v. Dade County East Soil Management Co., Inc.,* 982 F.Supp. 873-880 (S.D. Fla. 1997). Rather, a claim for unjust enrichment requires that USH plead that it conferred a benefit upon Defendants, that Defendants had knowledge of the benefit, that Defendants voluntarily accepted ore retained the benefit, that under the circumstances, it would be inequitable for Defendants to retain the benefit. *Associated Leasing International Corp. v. Alfa Capital Services, Inc.,* 992 So.2d 283, 286 (Fla. 4th DCA 2008), citing, *Hall & Co., Inc., v. Thomas,* 834 So.2d 904, 907 (Fla. 4th DCA 2003). Further, it is well-established that a claim for unjust enrichment may be asserted in the alternative until the existence of an expressed contract is proved. *Thunderwave, Inc. v. Carnival Corporation,* 954 F.Supp. 1562, 1565-66 (S.D. Fla. 1997); *Brueggemann v. NCOA Select, Inc.,* 2009 WL 1873651 at *7 (S.D. Fla. June 30, 2009); *Southern Pan Services Co. v. S.B. Ballard Construction Co.,* 2008 WL 3200236 at *4 (M.D. Fla. August 6, 2008).

USH has properly pled the elements of unjust enrichment; that it conferred a benefit upon Defendants, that Defendants accepted the benefit and were aware of it, and that it would be inequitable to allow Defendants retain such benefits. Complaint, ¶¶ 73-76. Because the lack of an adequate remedy of law is not an element of a claim for unjust enrichment and because such a claim can be pleaded in the alternative, Defendants' Motion to Dismiss should be denied.

### COUNTS VI AND VII OF PLAINTIFF'S COMPLAINT

Count VI VII of Plaintiff's Complaint assert a claims for violations of § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77(b) and for control person liability under Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78(j)(b) and § 78(t). While other federal courts have implied or held that there exists a private cause of action under § 17(a) of the Securities Act of 1933, USH concedes that the Eleventh Circuit has held to the contrary,

deciding that no such private right of action exists.  See *Currie v. Cayman Res. Corp.,* 835 F.2d 780, 84-85 (11th Cir. 1988).  As a result, USH concedes that Count VI of its Complaint should properly be dismissed under the present circumstances.  Count VII of USH's Complaint as seeking to assert control of personal liability upon SunTrust is also predicated upon violations of § 17(a) and should likewise be dismissed, however, Plaintiff requests leave to amend Count VII, if appropriate to assert other federal statutory securities claims.

### USH HAS PLED FRAUD WITH SUFFICIENCY AND PARTICULARITY

Defendants seek the dismissal of all of Plaintiff's claims for failure to plead fraud with a sufficient particularity, notwithstanding that only Count III of Plaintiff's Complaint asserts a claim for fraud. Rule 9(b), Fed.R.Civ.P., provides that: "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  The particularity requirement is satisfied if the complaint states:  (1) the statements or omissions made; (2) the time and place of the representations or omissions and who made them; (3) the substance of the representations or omissions in how the plaintiff was misled; and (4) how the defendants gained from the alleged fraud.  *Carran v. Morgan,* 510 F.Supp.2d 1053, 1058 (S.D. Fla. 2007), *citing, Ziemba v. Cascade International, Inc.,* 256 F.3d 1194, 1202 (11th Cir. 2001). In its Complaint, USH alleges that Defendants falsely represented to Plaintiff that ARS were very short-term instruments but turned out to be long term illiquid bonds with maturities of twenty or more years traded through an auction process.  Complaint, ¶ 7, at 28-34.  The representations or omissions were made during a period spanning 2001 through February 2008 and were made primarily by SunTrust's and later STRH's vice president, Dave DeBasio to USH's assistant credit manager, Gary Bond, or another USH employee, Kingsley Bewley, Complaint, ¶¶ 23-24, 31-33.  USH was misled by Defendants' representations or omissions into

-14-

believing it had purchased very short term securities when, in fact, Defendants had sold USH long term bonds with a limited market, tying up nearly all of Plaintiff's available cash. Complaint, ¶¶ 7, 36-37, 39. The substance of the statements, representations that ARS were short-term instruments, is alleged in paragraphs 31-33 of USH's Complaint. That Defendants gained from its representations or omissions in the form of fees or commissions is alleged in paragraphs 13-14, 73-75. These allegations are clearly sufficient to sustain a cause of action for fraud.[4]

USH has pled its allegations of fraud with sufficient factual specificity to satisfy the particularity requirement of Rule 9(b). Plaintiff has recited the nature of the statements and omissions, the time and place, and the maker of the statements or omissions, the substance of the statement and how it misled USH and that Defendants gained from such representations. In the event that the Court determines that USH's allegations of fraud lack the requisite specificity, Plaintiff should be given an opportunity to amend.

WHEREFORE, Plaintiff, U.S. Holdings, Inc., moves this honorable Court for the entry of an order denying SunTrust Banks, Inc., and SunTrust Robinson Humphrey, Inc.'s motion to dismiss, together with such other and further relief as the Court may deem just and proper under the circumstances.

---

[4] The particularity pleading requirement for fraud does not require USH to recite the precise dates of each conversation, a timeframe is sufficient. *Carran v. Morgan*, 510 F.Supp.2d at 1058 (finding allegations that investment advice was given from 2001 through 2005 to be sufficient).

**BERGER SINGERMAN**
attorneys at law     *Boca Raton   Fort Lauderdale   Miami   Tallahassee*

350 East Las Olas Boulevard, Suite 1000 Fort Lauderdale, Florida 33301 Telephone 954-525-9900 Facsimile 954-523-2872

Dated: December 14, 2009.                    Respectfully submitted,

                                             BERGER SINGERMAN
                                             *Attorneys for U.S. Holdings, Inc.*
                                             200 South Biscayne Boulevard, Suite 1000
                                             Miami, Florida  33131
                                             Telephone:  (305) 755-9500


                                             By:  *s/ Charles H. Lichtman*
                                                     Charles H. Lichtman, Esq.
                                                     Florida Bar No. 501050
                                                     clichtman@bergersingerman.com
                                                     Fred Goldberg, Esq.
                                                     Florida Bar No.  898619
                                                     fgoldberg@bergersingerman.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via CM/ECF this 14th day of December, 2009.


                                             By:  *s/ Charles H. Lichtman*
                                                     Charles H. Lichtman

-16-

**SERVICE LIST**
United States District Court for the Southern District of Florida
*U.S. Holdings, Inc. v. Suntrust Banks, Inc., and Suntrust Robinson Humphrey, Inc.*
CASE NO.  09-CV-23222-MOORE-SIMONTON

Charles H. Lichtman, Florida Bar No. 501050
CLichtman@bergersingerman.com
Fred Goldberg, Esq., Florida Bar No.  898619
fgoldberg@bergersingerman.com
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL  33301
Telephone:  (954) 525-9900
Facsimile:  (954) 523-2872

*Counsel for Plaintiff*
*U.S. Holdings, Inc*.
***(via transmission of Notices of Electronic Filing generated by CM/ECF)***


David Tetrick, Jr., Florida Bar No. 097500
dtetrick@kslaw.com
KING & SPALDING, LLP
1180 Peachtree St., NE
Atlanta, GA  30309
Telephone:  (404) 472-4600
Facsimile:   (404) 572-5100

*Counsel for Defendants*
*SunTrust Banks, Inc. and*
*SunTrust Robinson Humphrey, Inc.*
***(via transmission of Notices of Electronic Filing generated by CM/ECF)***

**BERGER SINGERMAN**
attorneys at law        *Boca Raton    Fort Lauderdale    Miami    Tallahassee*

350 East Las Olas Boulevard, Suite 1000 Fort Lauderdale, Florida 33301  Telephone 954-525-9900  Facsimile 954-523-2872