IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 09-23222-CIV-MOORE/SIMONTON

U.S. HOLDINGS, INC.,

    Plaintiff,

v.

SUNTRUST BANKS, INC., and
SUNTRUST ROBINSON HUMPHREY,
INC.,

    Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss (dkt # 8). Plaintiff filed a Response (dkt # 12), and Defendants filed a Reply (dkt # 17).

UPON CONSIDERATION of the Motion, the Response, the Reply, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

**I.    BACKGROUND**

The following facts are taken from the Complaint. In this case, the Plaintiff seeks to recover from the Defendants for alleged losses in the Auction Rate Securities ("ARS") market, which collapsed in February 2008. Compl. ¶ 7. The Plaintiff, U.S. Holdings, Inc. ("USH") is a Florida corporation that describes itself as "a major manufacturer for the underground contracting industry." Compl. ¶ 8. The Defendants are Suntrust Banks, Inc. ("SunTrust"), a bank, and Suntrust Robinson Humphrey, Inc. ("STRH"), a wholly-owned subsidiary of SunTrust (collectively, "Defendants"). Compl. ¶¶ 5-6.

USH alleges that it relied on Defendants not only for investment advice, but also for the management of all or most of its financial affairs, including but not limited to the maintenance of its disbursement, payroll, and depository accounts; for a $10,000,000.00 business line of credit, and for the management of USH's employees' 401(k) accounts. Compl. ¶¶ 14, 21. USH claims that its relationship with the Defendants went far beyond the typical customer-bank relationship, such that the Defendants assumed a fiduciary duty to USH. Compl. ¶¶ 12-21.

According to USH, the Defendants knew that USH wished to maintain a very conservative portfolio comprised entirely of safe, short-term, liquid investments. Compl. ¶¶ 26-28. USH alleges that in late 2001, the Defendants, without any notice to USH, began investing USH's free cash in ARS; specifically, in long-term bonds with maturities of twenty years or longer that were traded through an auction process.[1] Compl. ¶¶ 7, 31-34. USH alleges that the Defendants, and specifically one of SunTrust's Vice Presidents, Dave DeBasio ("DeBasio"), deliberately misrepresented the nature of ARS, leading USH to believe that the investments were more short-term and liquid than was actually the case. Compl. ¶¶ 32-35. Only after the ARS market permanently failed in February 2008 did USH learn that it holds $16,000,000.00 in illiquid, now-untradeable ARS. Compl. ¶¶ 35-36.

USH alleges that it in addition to the face value of the ARS, it is entitled to special damages for lost investment income and opportunities, expenses incurred from having to buy back certain Industrial Revenue Bonds, transaction costs from having to change banks, and the actual higher market rate of interest for long terms bonds that USH should have been paid,

---

[1] ARS are "debt or equity instruments with variable short-term rates and long-term maturities. They are bought and sold at auctions held at intervals of seven to thirty-five days. If successful, each auction resets the rate until the next auction and provides holders with short term liquidity. The purported advantage of [ARS] was that investors got short term liquidity with rates higher than most other short term investments, while issuers got long term financing with rates lower and more flexible than most other long term financing." Zisholtz v. Suntrust Banks, Inc., No. 08-CV-1287-TWT, 2009 WL 3132907, at *1 (N.D. Ga. Sept. 24, 2009).

instead of the much lower interest rate payable on the ARS. Compl. ¶ 40. USH also argues that it is entitled to punitive damages as a result of Defendants' wanton and willful misconduct, which allegedly included manipulation of the ARS market to make it falsely appear that the auctions were successful and legitimate when in fact they were not—a practice for which the Securities & Exchange Commission sanctioned SunTrust in May 2006. Compl. ¶ 47.

USH filed its Complaint in this action on October 23, 2009, asserting seven claims against Defendants: breach of fiduciary duty (Count I); negligence (Count II); fraud in the inducement (Count III); unjust enrichment (Count IV); engaging in a fraudulent transaction prohibited by § 517.301, Florida Statutes, (Count V); violation of § 17(a) of the federal Securities Act of 1933 (Count VI); and violation of §20(a) of the federal Securities Exchange Act of 1934 (Count VII). On November 17, 2009, Defendants filed the instant Motion, arguing that 1) Counts I and II are barred by the economic loss rule; 2) Count I fails to adequately allege the existence of a fiduciary duty; 3) Count IV fails because USH has failed to allege the absence of an adequate remedy at law; 4) Count VI fails because there is no private right of action to enforce § 17(a) of the Securities act; 5) Count VII fails because USH has not stated an underlying Securities Exchange Act violation, and 6) all of USH's claims fail because they sound in fraud, but are not pleaded with particularity as required by Rule 9(b), Fed. R. Civ. P.

## II.   STANDARD OF REVIEW

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. U.S., 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988). "To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007)). A complaint must contain enough facts to indicate the presence of the required elements. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1302 (11th Cir. 2007). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002). However, a well-pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" Twombly, 550 U.S. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

### III.  ANALYSIS

####   A.   Federal Securities Law Claims

At the outset, the Parties agree that Count VI must be dismissed because binding Eleventh Circuit caselaw holds that there is no private right of action for a violation of § 17(a) of the Securities Act of 1933. See Currie v. Cayman Res. Corp., 835 F.2d 780, 784-85 (11th Cir. 1988). The Parties also agree that Count VII, for alleged violations of the Securities Exchange Act of 1934, must be dismissed because it is predicated upon violations alleged in Count VI. Plaintiff, however, requests leave to amend Count VII, "if appropriate to assert other federal statutory securities claims." Pl.'s Resp. in Opp'n at 14. Accordingly, Count VI is dismissed with prejudice, and Count VII is dismissed without prejudice.

####   B.   Rule 9(b) Heightened Pleading Requirement

Federal Rule of Civil Procedure 9(b) requires fraud claims to be pleaded with particularity. USH has asserted only two explicit fraud claims: Count III, for fraud in the

inducement, and Count V, a fraudulent transaction claim under § 517.301, Florida Statutes.[2]
Defendants argue, however—and USH does not dispute—that all of USH's claims sound in fraud because they are premised on the same alleged pattern of misrepresentation. See Liquidation Comm'n of Banco Int'l, S.A. v. Renta, 530 F.3d 1339, 1356 (11th Cir. 2008). ("When fraud is pleaded as an alternative claim, the non-fraud claims in the complaint need not be pleaded with particularity, unless the same misrepresentation forms the basis of both the fraud and non-fraud claim."). Allegations of systematic misrepresentation are common to all of USH's claims, and are the basis of USH's request for special and punitive damages. Accordingly, all of USH's claims are subject to the heightened pleading requirement of Rule 9(b).

> To satisfy Rule 9(b), a complaint must allege the following:
>
> (1) precisely what statements were made in what documents or oral representations or what omissions were made; and (2) the time and place of each such statement and the person responsible for making or, in the case of omissions, not making same; and (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the fraud.

Brooks v. Blue Cross & Blue Shield of Fla., 116 F.3d 1364, 1371 (11th Cir. 1997) (citations omitted). USH's Complaint does not completely satisfy this standard. The Complaint does allege the content of USH's misrepresentations, and the manner in which they misled USH: specifically, that Defendants misrepresented ARS as short-term, liquid investments, when in fact they were not. Compl. ¶¶ 7, 28-34, 36-37, 39.[3] The Complaint also alleges that these statements were made by Dave DeBasio—a vice president of SunTrust and later STRH, whose actions

---

[2] Claims for the violation of § 517.301, Florida Statutes, are fraud claims subject to the heightened pleading standard of Rule 9(b). See Sierra Equity Group, Inc. v. White Oak Equity Partners, L.L.C., 650 F. Supp. 2d 1213, 1231-32 (S.D. Fla. 2009).

[3] Defendants complain that "[USH's] allegations provide no particulars to support either SunTrust's knowledge of the falsity of any representations, or an intent to deceive, such as an economic motive." Def. Mot. at 13. Rule 9(b) expressly provides, however, that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

5

allegedly bound both corporations—to USH's assistant credit manager, Gary Bond, or another USH employee, Kingsley Bewley. Compl. ¶ 23-24, 31-33. Also, the Complaint alleges that the Defendants received substantial "fees, profits, and/or commissions" as a result of the alleged fraud. Compl. ¶ 13-14, 75. The Complaint, however, does not describe where the misrepresentations were made, and does not explain when they were made, other than offering a very general time frame spanning 2001 through February 2008. Accordingly, USH has not pleaded fraud with particularity. USH has requested leave to amend its Complaint; accordingly, the Complaint will be dismissed without prejudice. If USH files an amended complaint with claims sounding in fraud, that complaint must allege the time and place of the alleged misrepresentations or omissions, in order to satisfy Rule 9(b).[4]

## IV.  CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendants' Motion to Dismiss (dkt # 8) is GRANTED as follows: Count VI of the Complaint is DISMISSED WITH PREJUDICE. All of the remaining Counts are DISMISSED WITHOUT PREJUDICE. If USH wishes to file an amended complaint in order to adequately replead Counts I-V and VII, or any other claim sounding in fraud, it must do so within twenty (20) days of the date of entry of this Order, or the dismissal of those Counts will be with prejudice.

---

[4] Because all of USH's remaining claims must be dismissed for failure to plead with particularity, it is unnecessary to reach Defendants' alternative grounds for dismissal.

DONE AND ORDERED in Chambers at Miami, Florida, this 2nd day of February, 2010.

                                                            K. MICHAEL MOORE  
                                                            UNITED STATES DISTRICT JUDGE

cc: All counsel of record