**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 09-23222-CIV-MOORE/SIMONTON**

**U.S. HOLDINGS, INC.,**

**Plaintiff**

**v.**

**SUNTRUST BANK, et al.,**

**Defendants.**

_____/

**ORDER AFTER HEARING ON PENDING DISCOVERY ORDERS**

Presently pending before the Court are:  Plaintiff's Motion for Protective Order as to documents sought from Defendants' accounting firm (DE # 56); Plaintiff's Motion to Compel Production (DE # 59); Plaintiff's Motion for Protective Order as to Defendants' Subpoena Duces Tecum to Plaintiff's Previous Counsel (DE # 61) and Plaintiff's Motion for Extension of Time until October 26, 2010 to designate the additional weeks of recordings for Defendants to produce (DE # 72) .  All discovery motions in this case are referred to the undersigned Magistrate Judge (DE # 5).  On October 19, 2010, the undersigned held a hearing on the motions.  All oral rulings made at the hearing are incorporated in this Order.

I. <u>Background</u>

Plaintiff is proceeding under a five-count Second Amended Complaint in which it alleges that Defendants made material misrepresentations and omissions to Plaintiff that the approximately $14.8 million in Auction Rate Securities (ARS), which Plaintiff purchased from or through Defendants were short term, same as cash instruments, when they were actually 30-year bonds.  Plaintiff alleges that it relied on Defendant for both investment advice and for the management of almost all of its financial affairs.

Plaintiff further alleges that while Defendants knew that Plaintiff wished to maintain a very conservative portfolio comprised entirely of safe, short-term liquid investments, Contrary to this policy, Defendants began investing Plaintiff's money in the ARS market without informing Plaintiff of the dangers of these investments.  Plaintiff alleges that Defendants deliberately misrepresented the nature of these financial instruments as more short term and liquid than they actually were.  The Second Amended Complaint alleges a series of transactions, from March 2006 through August 2007, as to which Plaintiff seeks damages.  Specifically, Plaintiff alleges that Defendants: 1) breached the fiduciary duty they owed to Plaintiff (Count 1); 2) were negligent (Count 2); were guilty of fraud in the inducement (Count 3); were unjustly enriched (Count 4); and 5) violated Fla. Stat. 517.301 by perpetrating a scheme to defraud Plaintiff (Count 5) (DE # 41).   At the hearing, the parties confirmed that Plaintiff purchased ARS from Defendants beginning in approximately 2002, although those earlier transactions are not included in the Complaint.

Defendants have answered the Second Amended Complaint (DE # 44).

These motions follow.

II.  The Motions for Protective Orders (DE # 56 and DE # 61)

In its Motion for Protective Order as to documents sought from Defendants' accounting firm (DE # 56), Plaintiff asserts that Defendants have served a subpoena for deposition duces tecum on Thorsen & Cruset, P.C., Plaintiff's certified public accountants (hereafter the CPAs), seeking all documents concerning 1) Plaintiff; 2) the CPA's retention to perform any services for Plaintiff; 3) all accountant work papers, files, work, analyses, and investigations performed by the CPA on behalf of Plaintiff; 4) any

communications between the CPA and Plaintiff regarding ARS; 5) accounting for any ARS held by Plaintiff and 6) any communications between the CPA and Defendants regarding Plaintiff (Ex. A to DE # 56, DE # 56 at 2).  Plaintiff asserts that the document requests are overbroad, not calculated to lead to admissible evidence and seek the production of documents protected by the accountant-client privilege.  Plaintiff also asserts that it has already made its underlying financial information for the relevant time period available to Defendants in response to their Request for Production, and requests a protective order against enforcement of the subpoena (DE # 56 at 2).

Defendants respond that Plaintiff has failed to show good cause to enter the protective order.  Defendants contend that Plaintiff's objections are conclusory (DE # 57 at 2-3).  Defendants note that Plaintiff has not provided an affidavit that it has reviewed the responsive documents in the CPA's possession to ascertain that it has produced all the non-privileged documents or that all the documents are privileged (DE # 57 at 3). Defendants also state that the subpoena is calculated to lead to the discovery of admissible evidence (DE # 57 at 4-5).  Finally, Defendants ask the Court to deny Plaintiff's motion for failing to confer prior to filing the motion (DE # 57 at 5-6).

In reply, Plaintiff states that the documents requested in categories 1 through 5 of the subpoena are privileged (DE # 58 at 2), and that Plaintiff has produced approximately 40 bankers boxes of documents to Defendants, many of which are Plaintiff's day-to-day financial documents (DE # 58 at 3-4).  Plaintiff asserts that it has shown good cause to enter the protective order because all of the documents subpoenaed are either protected from disclosure by the accountant-client privilege and/or have already been produced to Defendants (DE # 58 at 4- 7), and that there is no requirement that a motion for protective

3

order be supported by an affidavit (DE # 58 at 7-9).  Lastly, Plaintiff asserts that its counsel consulted with Defendants' counsel in good faith prior to filing the instant motion (DE # 58 at 9-10).

In Plaintiff's Motion for Protective Order as to Defendants' Subpoena Duces Tecum to Plaintiff's Previous Counsel (DE # 61), similar claims are raised.  Specifically, the subpoena seeks the following seven categories of documents from the attorneys who previously represented Plaintiff:

1.  All documents concerning, regarding, or related to this Action.

2.  All documents concerning, regarding, or related to U.S. Holdings.

3.  All documents, concerning, regarding, or related to your retention to perform any services for or on behalf of U.S. Holdings.

4.  All documents concerning, regarding, or related to all files, work, analyses, and investigations performed by you for or on behalf of U.S. Holdings.

5.  All documents concerning, regarding, or related to any communications between you and U.S. Holdings.

6.  All documents concerning, regarding, or related to any communications between or among you and U.S. Holdings regarding U.S. Holdings' relationship with Sun Trust and/or any potential litigation involving Sun Trust.

7.  All documents concerning, regarding, or related to any communications between or among you and Sun Trust regarding U.S. Holdings.

Plaintiff contends that these requests are overbroad, not calculated to lead to the discovery of admissible evidence, and categorically seek documents protected by the attorney-client privilege and work product doctrine. (DE # 61).

4

Defendants respond that they do not seek privileged documents, but that Plaintiff has not provided sufficient information to establish the existence of a privilege, and Plaintiff failed to confer in good faith (DE # 66).  Plaintiff acknowledged that the documents sought in category seven–communications between counsel for Plaintiff and Defendant Sun Trust–were not privileged and, if any existed, they would be produced.

During oral argument on these motions, the undersigned advised the parties that it appeared that the subpoenas sought a large number of documents that were clearly privileged, although non-privileged documents were also requested; and, that it appeared that although there was sufficient consultation to satisfy the requirements of the local rules, that additional good faith consultation would likely result in a resolution of most, if not all, of the issues regarding the production of non-privileged documents. Plaintiff stated that its counsel was in the process of preparing a privilege log with respect to the documents requested, and that the privilege log would be provided by Friday, October 22, 2010.  In addition, Plaintiff agreed to produce a privilege log with respect to the documents in the possession of its accountants on or before October 29, 2010.  Defendants stated that they were satisfied with this resolution.

Therefore, the Motions for Protective Order are granted to the extent that privileged documents need not be produced, and privilege logs shall be furnished in accordance with the above schedule.  Following the production of the privilege logs, the parties shall meet and confer regarding any disputed claims of privilege and Defendants may file a motion to compel production of any documents as to which they challenge the assertion of privilege.  On or before October 29, 2010, Plaintiff shall produce all non-privileged documents, absent an extension either agreed to by the parties and/or

ordered by the Court.

    **III.  Plaintiff's Motion to Compel (DE # 59)**

        Plaintiff seeks to compel Defendants to produce copies of all recorded telephone conversations between Gary Bond, Plaintiff's representative, and David DeBasio, Defendant Sun Trust's broker employee who handled Plaintiff's account and sold the securities at issue.  Plaintiff states that production of all of these conversations is critical to the resolution of the issues in this case, because the crux of this dispute centers on whether DeBasio misled Bond regarding the liquidity of the ARS.  Moreover, in its Reply, Plaintiff states that Gary Bond, the employee who participated in these conversations and was responsible for authorizing the trades, is medically incapacitated and will be unable to be a witness in this case.

        Defendant Suntrust has a policy of retaining recordings between its brokers and customers for a ninety-day period of time.  However, it appears that Suntrust made back-up copies of at least some of DeBasio's conversations as far back as November 2004.  Suntrust has agreed to produce all of the conversations from August 2007 (when the first ARS auctions failed) through February 2008[1] (when the ARS market conclusively failed), and, for the two-week period of time preceding each of the transactions identified in the Second Amended Complaint, as to which Plaintiff claims damages.  However, Suntrust claims that it is overly burdensome to require it to produce the remaining conversations, and not likely to lead to relevant admissible evidence.  In support of this position, Suntrust has provided Affidavits from Brian Edwards, its employee who is familiar with the storage and retrieval process.  Edwards avers that the recordings are

---

[1] Suntrust has been unable to locate any February 2008 tape recordings, but will produce them if they are found.

kept by telephone extension and date, but there is no way to ascertain the identify of the parties to the conversations, without restoring and reviewing the file.  Indeed, many conversations are split into two files, as two conversations may be included in one file.  Thus, the entire file must be reviewed to determine if it contains a conversation between DeBasio and Bond.  Edwards estimates it would cost between $295,560 and $419,400 to restore and  review all the remaining audio conversations.  Edwards also estimates that this process would take between twelve and twenty-four months.  These estimates are based on Suntrust's experience in restoring and reviewing ten of the 71 months at issue in this case, as well as reviews undertaken for other purposes.

It is clear that there are no recordings for the first two years in which the parties engaged in ARS transactions, which would appear to be the most probative time frame with respect to determining the information disclosed by Defendants regarding the liquidity of these investments.  However, subsequent conversations are relevant to the issues in dispute.  Defendants have agreed to produce the conversations most likely to yield the most significant conversations–those which occurred at the time the ARS market began to fail, until its ultimate collapse; and, those which occurred during the period of time before the transactions at issue took place.  Moreover, according to the Complaint, once the ARS transactions began, the scenario which led to each subsequent ARS transaction was the same.  However, all conversations regarding ARS transactions are relevant to the issues in dispute in this case; and, if it were not for the exorbitant cost of restoring these conversations to a platform where they can be reviewed, and the time-consuming nature and cost of reviewing every conversation of Mr. DeBasio during the relevant period of time to determine whether it was a conversation with Mr. Bond,

production would be ordered.  However, it appears that the likelihood of locating non-cumulative relevant evidence is minimal and is greatly outweighed by the burdensomeness of production and the apparent impossibility of production within the existing Scheduling Order.  It is too early to reach a definitive answer in this regard, since only limited recordings have been produced to date.  Thus, it appears to the undersigned that Plaintiff should be entitled to explore additional conversations with respect to dates selected by Plaintiff, which can reasonably be produced within the existing discovery deadline.   Thus Plaintiff will be permitted to designate up to five weeks of conversations to be produced by Defendants, on a rolling basis, within four weeks from the date of designation.  If Plaintiff can establish that these conversations are yielding non-cumulative information that is relevant to the issues in this case, it may renew its motion to compel production of all conversations.  In addition, Plaintiff may depose Mr. Edwards, or otherwise challenge the assumptions as to the cost and time-consuming nature of the methods of production, and seek further relief if Defendants' position in this regard can be refuted.  Any request for an extension of the discovery deadline must be made by separate motion and must establish good cause.

At the hearing, Plaintiff was required to make its designations by Thursday, October 21, 2010.  However, subsequently, Plaintiff requested leave to make its designations by October 26, 2010 (DE # 72).  That request is granted.

Therefore, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motions for Protective Order (DE ## 56 and 61) are **GRANTED, in part** as set forth in the body of this Order.  It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel (DE # 59) is

**GRANTED, in part**, as set forth in the body of this Order; and that Plaintiff's Motion for

Extension of Time until October 26, 2010 to designate the additional weeks of recordings

for Defendants to produce (DE # 72) is **GRANTED**.

**DONE AND ORDERED** in chambers in Miami, Florida on October 25, 2010.

*Andrea M. Simonton*

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies to:
The Honorable K.  Michael Moore,
        United States District Judge
All counsel of record

9