UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23222-CIV-MOORE/SIMONTON

U.S. HOLDINGS, INC.,

    Plaintiff

v.

SUNTRUST BANK, et al.,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS

Presently pending before the Court is Plaintiff's Motion to Compel and for Sanctions (DE # 80). All discovery motions in this case are referred to the undersigned Magistrate Judge (DE # 5). This motion is fully briefed (DE ## 101, 107[filed under seal]). For the reasons stated below, the motion is denied without prejudice.

### I. Background

Plaintiff is proceeding under a five-count Second Amended Complaint in which it alleges that Defendants made material misrepresentations and omissions to Plaintiff that the approximately $14.8 million in Auction Rate Securities (ARS), which Plaintiff purchased from or through Defendants were short term, same as cash instruments, when they were actually 30-year bonds. Plaintiff alleges that it relied on Defendant for both investment advice and for the management of almost all of its financial affairs. Plaintiff further alleges that while Defendants knew that Plaintiff wished to maintain a very conservative portfolio comprised entirely of safe, short-term liquid investments, contrary to this policy, Defendants began investing Plaintiff's money in the ARS market without informing Plaintiff of the dangers of these investments. Plaintiff alleges that Defendants deliberately misrepresented the nature of these financial instruments as

more short term and liquid than they actually were.  The Second Amended Complaint alleges a series of transactions, from March 2006 through August 2007, as to which Plaintiff seeks damages.  Specifically, Plaintiff alleges that Defendants: 1) breached the fiduciary duty they owed to Plaintiff (Count 1); 2) were negligent (Count 2); were guilty of fraud in the inducement (Count 3); were unjustly enriched (Count 4); and 5) violated Fla. Stat. 517.301 by perpetrating a scheme to defraud Plaintiff (Count 5) (DE # 41).  At a previous discovery hearing, the parties confirmed that Plaintiff purchased ARS from Defendants beginning in approximately 2002, although those earlier transactions are not included in the Complaint.

      Defendants have answered the Second Amended Complaint (DE # 44).

      II.  <u>Plaintiff's Motion</u>

      In the instant motion, filed on November 10, 2010, Plaintiff contended that in early November 2010, it learned that Defendant SunTrust had failed to search the computers of relevant employees for emails and also failed to obtain the hard paper files of those employees.  Plaintiff also alleged that Defendant SunTrust had failed to produce documents, answer interrogatories and had belatedly disclosed the existence of audio records, many of which have now disappeared.  Plaintiff contended that Defendant SunTrust's failure to provide discovery was an intentional ruse to keep the truth related to Plaintiff's ARS purchases from Defendants from coming out.  Plaintiff asked this Court to order Defendants to produce all discovery forthwith, and to extend the discovery deadline.  Further, in the absence of full and immediate compliance by Defendant SunTrust, Plaintiff asked this Court to sanction Defendant SunTrust, either in the form of an evidentiary presumption relating to the non-produced discovery and/or the striking of Defendant SunTrust's pleadings and the entry of a default against

SunTrust as to liability, due to its wanton disregard of its discovery obligations and fraudulent concealment of responsive documents (DE # 80).

### III. Defendants' Response

On November 29, 2010, Defendants responded to Plaintiff's motion, initially contending that because Plaintiff had not conferred in good faith with Defendants prior to filing its motion, the motion should be denied. Defendants also stated that they had produced to Plaintiff almost 40,000 pages of hard-copy documents and more than 110,000 electronic documents. Defendants asserted that they had diligently searched for all documents which they had agreed to produce, believed they had produced all responsive documents, no audio recordings have disappeared, and Defendant SunTrust properly answered Plaintiff's Interrogatories (DE # 101).

### IV. The District Court's Continuance of the Trial and of Some Pretrial Deadlines

On November 29, 2010, the District Court continued the trial date to May 23, 2011, extended the discovery deadline to March 14, 2011 and the summary judgment motion deadline to March 23, 2011 (DE # 97 at 4).

### V. Plaintiff's Reply

On December 10, 2010, Plaintiff filed its reply under seal (DE # 107). In its reply, Plaintiff claimed that on November 11, 2010, November 15, 2010, November 18, 2010 and November 22, 2010, after Plaintiff had filed its motion to compel, Defendant SunTrust produced 27,234 pages of new documents, 1,139 new emails and 27 new audio recordings, which exceeded the volume of all previous SunTrust productions (DE # 107 at 1-2, 4). Next, Plaintiff controverts SunTrust's assertion that it has searched for and produced all promised documents (DE # 107 at 2-3). Plaintiff specifically faults Suntrust's failure to bates-label its electronic production, in violation of Local Rule 34.1,

making it impossible for Plaintiff to test SunTrust's assertion that SunTrust had already produced seven times a certain email referenced in Plaintiff's motion (DE # 107 at 3-4). Plaintiff also contends that, in its response, SunTrust conceded that it had not produced documents which it had previously agreed to produced (DE # 107 at 4). Plaintiff also listed requests for production to which it claimed SunTrust had neither produced documents in response, nor stated that no responsive documents existed (DE # 107 at 4-7). Next, Plaintiff lists specific interrogatories which Plaintiff claimed SunTrust had still not fully responded to (DE # 107 at 7-8); and lists specific audio recordings which SunTrust had not produced (DE # 107 at 8). Plaintiff also submitted that it had met and conferred with SunTrust in good faith before filing the motion (DE # 107 at 8-9). Lastly, Plaintiff conceded that, due to the continuance of the trial, any prejudicial effect from SunTrust's failure to provide full discovery has been lessened. However, Plaintiff asked to be allowed to redepose SunTrust witnesses, as well as non-party witnesses, based on not only the belatedly produced documents, but on any additional discovery SunTrust may provide. Plaintiff also asked that, pursuant to Fed.R.Civ.P, 37(a)(5)(A) and (c)(1), SunTrust be required to pay Plaintiff's costs, including attorney's fees, for re-deposing these witnesses (DE # 107 at 9-10).

VI. Analysis

Since the filing of Plaintiff's motion, Defendant SunTrust has produced 27,234 pages of new documents, 1,139 new emails and 27 new audio recordings, which Plaintiff claims exceeded the volume of all previous SunTrust productions. Thus, it is impossible for this Court to ascertain which parts of Plaintiff's November 10, 2010 motion are still active and which have been satisfied. Indeed, SunTrust may have provided further production since Plaintiff filed its reply. Moreover, the continuance of the trial and of the

discovery and summary judgment deadlines has removed, somewhat, the immediate time pressure to resolve the remaining discovery issues.  Therefore, the instant motion is denied without prejudice to renew.[1]  On or before January 10, 2011, the parties shall meet in person and confer concerning what discovery issues remain.  The parties <u>must</u> work together to try to resolve these issues.  If there are remaining discovery issues which the parties cannot resolve, Plaintiff may file a new motion to compel on or before January 18, 2011.  Defendants shall respond to any such motion within seven calendar days for the date the motion is filed.

Therefore, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel and for Sanctions (DE # 80), is **DENIED without prejudice to renew**.  As stated in the body of this Order, on or before January 10, 2011, the parties shall meet and confer concerning what discovery issues presently remain.  On or before January 18, 2011, Plaintiff may refile a renewed motion to compel.  Defendant shall respond within seven calendar days thereafter.

**DONE AND ORDERED** in chambers in Miami, Florida on December 27, 2010.

_/s/ Andrea M. Simonton_
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies to:
The Honorable K. Michael Moore,
    United States District Judge
All counsel of record

---

[1] In light of this ruling, the undersigned will not rule on SunTrust's assertion that Plaintiff did not confer in good faith before filing its motion to compel.