UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23222-CIV-MOORE/SIMONTON

U.S. HOLDINGS, INC.,

    Plaintiff

v.

SUNTRUST BANK, et al.,

    Defendants.
_____/

### ORDER GRANTING, IN PART, PLAINTIFF'S REQUEST FOR LEAVE OF COURT TO TAKE IN EXCESS OF TEN DEPOSITIONS

Presently pending before the Court is Plaintiff's Request For Leave of Court to Take in Excess of Ten Depositions (DE # 123). All discovery motions in this case are referred to the undersigned Magistrate Judge (DE # 5). This motion is fully briefed (DE ## 123, 126, 128, 129). For the reasons stated below, the motion is granted, in part.

At the time this motion was filed, three weeks before the close of discovery, Plaintiff had taken eight depositions, and identified seven[1] additional individuals whose depositions it sought to take. Since that date, Plaintiff has begun the deposition of Gary DeBasio, who was one of the seven additional individuals listed. Although, as pointed out by Defendants, the Motion was sparse in detail regarding the specific need for each of the additional depositions, that deficiency was partly cured by the Reply and the exhibits attached to the Reply.

As both parties recognize, Rule 30 of the Federal Rules of Civil Procedure limits the number of depositions that may be taken to ten, absent leave of court. Based upon a

---

[1] The motion requests a total of 14 depositions (not including the expert), but lists a total of 15 persons it seeks to depose.

review of the record as a whole, the undersigned finds that it is appropriate to grant limited additional depositions.  In granting this request only in part, the undersigned is cognizant of the fact that Plaintiff waited until shortly before the discovery deadline before seeking to almost double the allotted number of depositions; and, that Plaintiff has focused on the need for only three of the requested depositions.  The remaining requests are for deponents who appear to be cumulative witnesses, marginally related to the issues in this case, or whose depositions were not sufficiently justified.  Specifically, Plaintiff may depose Dara Smith, Dale Evans, and Martha Martinez Malo, limited to no more than three and one half hours each.  Since these depositions were requested sufficiently in advance of the discovery deadline, albeit barely so, and since Defendants have been slow to produce discovery in this case, the undersigned will permit the depositions to be taken after the discovery deadline–although nothing in this Order will extend the deadline for filing motions, or any other deadlines.  The depositions shall be completed on or before April 8, 2011, unless otherwise agreed to by the parties.

Thus, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion is **GRANTED, in part,** as set forth in the body of this Order.

**DONE AND ORDERED** in chambers in Miami, Florida on March 23, 2011.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable K. Michael Moore,
    United States District Judge
All counsel of record